UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| TERRY MARIOTH, JR., | : | Case No. 2:23-cv-3710 |
| Plaintiff, | : | |
| | : | District Judge Michael H. Watson |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| JON PALUMBO, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

On November 3, 2023, Plaintiff filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 1). Because it appeared from Plaintiff's affidavit that Plaintiff lacked the funds to pay the costs or give security for such costs, the Court granted the motion to proceed *in forma pauperis* on November 8, 2023. (Doc. 2).

Although the Court granted Plaintiff's motion to proceed *in forma pauperis*, the Court noted in its Order that Plaintiff's Complaint (Doc. 1-1) failed to comply with Fed. R. Civ. P. 8(a)(3), which provides that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." (Doc. 2, at Page 19). The Court thus directed Plaintiff to file an Amended Complaint that conforms with Rule 8(a)(3) within thirty (30) days. (*Id.*) (citing *Whitmore v. Mallory*, No. 2:15-cv-2838, 2015 WL 6125360, at *4 (S.D. Ohio Oct. 19, 2015), *adopted*, 2015 WL 6955184 (S.D. Ohio Nov. 10, 2015)). *See also Ward v. Lincoln Cty. Jail*, No. 07-CV-389, 2008 WL 687019, at *2 (E.D. Ky. Mar. 12, 2008) ("Failure to demand any form of relief justifies dismissal without prejudice."). Plaintiff was advised that failure to

comply with this Order would result in the dismissal of this action for want of prosecution. (Doc. 2, at PageID 20).

More than thirty days have passed since the Court entered its November 8, 2023 Order, and Plaintiff has not filed an Amended Complaint or otherwise responded to the Court's Order. "District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to respond to the Court's Order. *Link*, 370 U.S. at 630–631.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: January 16, 2024                                           /s/ Kimberly A. Jolson
                                                                                    KIMBERLY A. JOLSON
                                                                                    UNITED STATES MAGISTRATE JUDGE

3